May it please the court. My name is Miguel Olano. I represent the petitioner in this case who is currently before a petitioner for review here for a motion to reopen after his cocaine conviction was vacated in a criminal court on constitutional grounds. There are two motions to reopen. One was denied and the second one which is before the court here for the Lozada motion. How do we get around the Lozada infirmity as to your first motion? I'm sorry. How do we get around Lozada as your first motion? We made the argument that I made the argument that it was the Lozada didn't have to be complied with the literal procedures didn't have to be complied with because the ineffectiveness of the council was clear on the record. Say that the IAC was clear on the record. So the IAC was clear on the record. Clear on the record well but how does that comply with all the requirements of Lozada? The court the court has. Don't you have to give notice to the the attorney you accuse of ineffective assistance of counsel? Yes your honor there are exceptions when it is clear on the record and also the council for the government has stipulated to remand to address the Lozada issue. So if it's clear on the record you don't have to comply with Lozada as your position. What's so clear on the record about this IAC? The previous counsel didn't provide a copy of the vacated conviction in the motion. Had the sentence been vacated at that time? No your honor but I think in the second one yes. Well I'm having difficulty following you if it's so clear that that you don't have to follow Lozada and the submit a document showing that the sentence had been vacated. If the sentence hadn't been vacated at that time he couldn't very well have done that could he? That's correct your honor. Alright do you want to go to your next point? What was the date the conviction was vacated? 2015 your honor. When was the first application made the first motion to reopen? No I think you've got your dates wrong. I think the sentence was vacated July 23rd 2015 and the motion to reopen was filed in December of 2015. More than 90 days following the event. Yes I believe it was. How did you get around that 90 day bar? I believe the conviction was vacated, went all the way to appeal on that conviction. The motion the conviction was vacated, the motion was granted July 23rd 2015 and the motion to reopen was filed December 11, 2015. More than 90 days thereafter. Yes we also made the argument it was on the court to use its sui sponte power. All right that's a different argument okay but what jurisdiction do we have to review the refusal of the BIA to use its sui sponte power? We also filed a motion to reopen change country conditions. That's something quite different. Let's talk about let's talk about first the refusal to reopen spontaneously under Bonilla we can do that only if there's a claim and what do you claim is the wrong legal and constitutional standard which the BIA employed in discretionarily if that's a word and using its discretion in denying the motion to reopen? We made the argument that the conviction was no longer legally the deportation order was no longer legally executed after the state conviction because the state conviction was the sole part of the grounds of the removability in the case. Is there an alternative grounds for removability that's been asserted by the government in this case? No your honor I believe it's only one one count of the aggravated felony. So once that conviction is set aside if that were cognizable prejudice for ineffective assistance purposes and excuse that what then is the basis for having a deportation order at that point? He wouldn't be deported. That would be because he only has a conviction as a juvenile for sodomy but it's not a conviction under the Immigration Nationality Act. So the only thing alleged in the OSC in order to show cause which was the previous law under pre-1997 which the grounds of the removability was that he was a juvenile. The only grounds of the deportability at that time was aggravated felony for drug trafficking. But is this something that's within our review our jurisdiction to review for purposes of reviewing their refusal to reopen sua sponte? The sua sponte no but under the chain the question of law for the Ninth Circuit would be that the conviction was vacated under Wietersburg B.I.N.S. 826 F2 1179. And are you but are you claiming that that's something we can review in terms of the board's denial of sua sponte reopening? Isn't sua sponte reopening the only way that you can you can get review here? No sua sponte only there's also can be reviewed under IAC and also change country circumstances and also a change in the law under Wietersburg. That would be respectfully our position your honor. Talk to me about the change of country circumstances. Yes we filed a motion to reopen the asylum or change country conditions. He's a native citizen of Salvador who's never been to El Salvador and the particular social group in this case would be returning Salvadorians who would be presumed to have cooperated with the police due to the fact that their their census was. Particular social group? Yes. Does it meet the requirements of particularity of Enriquez? I mean we've held over and over again that returning Mexicans to Mexico are not a particular social group under similar claims. Why is it different for El Salvador? Because the under matter of a cost it's characteristics that should not be required to change. He had a drug conviction. He was deported. He came back but due to the fact that he came back and the gangs may find out that he got a vacated they may presume that he may have been deported. He may have cooperated with the authorities. Presumptions enough? Yes. Thank you. Do you want to save some time for rebuttal? If I may your honor. Sure. Good morning. May it please the court. Robert Tennyson for the government. Good afternoon. Good afternoon. I'm so used to morning hearings. The government as stated in its earlier remand motion would seek. You have to speak up Mr. Tennyson. I'm sorry. The government as it stated in its earlier remand motion would seek remand of this case. But if this court has any questions for me. Are you confessing error in this case? It's unusual to file a motion for remand. You know a long time after the briefs have been filed and a week before the argument. Why shouldn't we file a motion for remand? Why shouldn't we just decide the case at this point? For or against you? Right your honor. The reasons why we seek remand. It's very much a matter of prosecutorial discretion. And sometimes when we are looking at a case. Speak up sir. Sometimes when we are looking at cases. There are matters of prosecutorial discretion. There are matters of. Things we might want the agency to look at again. Things that the agency might want to look at again. We speak to our clients. And sometimes these come out. As we are preparing for argument. And that's pretty much what happened here. What would be. If. I want to understand the procedural posture. If we would have find that Lozano. Compliance with Lozano was excused. Because it was patently. On the record. Incompetent not to submit. The readily available proof. That shows that the conviction. Has been set aside. Where does that place him? Does that mean. That he then still has a sua sponte hurdle. To get past. Or is he now past the number. And time bars. And gets heard without having to go to sua sponte. That's an excellent question. And it's not sure. This looks like a double step. I guess what you would call. Equitable tolling case. On the one hand. He's got to have the equitable tolling. He's arguing equitable tolling. To get back to the time. He filed his original motion. But there's an additional period. Of equitable tolling that needs to come into play. And that's the equitable tolling. That goes from 2015. All the way back to 1996. And I'm not sure how that gets resolved. And that's something that we would probably. Want the board to resolve. Explain to me why. If the. Conviction was vacated. On July the 23rd. 2015. And the motion to reopen. Wasn't filed until December 11th. 2015. More than 90 days. Why he isn't time barred. On the motion to reopen. Right. For the equitable tolling. There's no equitable tolling. Once the. Sentence of the conviction. Has been vacated. Is there? So. Under the test for equitable tolling. You have to have due diligence. But. Arguably. It's not something the board has addressed here. And the board didn't give that as a reason for saying. We're not going to equitably toll this. That's a good point. And so it's one of those things. That we would like to get back to the board. If the conviction is set aside. What is the grounds for removing him. From the United States. If his. Well. If the removal. Since his conviction has been vacated. If the board. If it were to be reopened. And the board say. Oh those convictions are no longer. You know that conviction no longer supports. Either the grounds of removability. We don't have a ground of removability. He becomes a lawful permanent resident again. Then how did the board. Not abuse its discretion. In saying. That there was no prejudice. Because he was basically. A bad person. On the balance of equities. I mean he's not deportable. But we'll deport him anyway. Because he's a bad person. Well the board has. Particularly in the sua sponte context. Has this broad discretion. To deny relief to people. Who it knows to be not deportable. And this court in fact. In July. Had a decision in which. The board had said. There was an individual. Who had had his case. I believe who had his conviction vacated. Came back years later. The board said no. And in fact his argument was. Well the board does this. In some number of cases. He pointed to 8 out of 30,000. And that there's a settled practice. That allows you know. And so the board should be required. To sua sponte reopen my case. And this court said no. No that's not the case. So I think. And the board could give other reasons. If it goes back. To deny reopening. On a sua sponte grounds. If the board had. Say for example. Just focused on his unlawful re-entry. Or they could say. There's a need for finality. And at some point. We're just not going to allow for reopening. In these cases. It could very well have done that. But that's not all that it did here. Can you. I think Judge Collins was getting at this. Maybe a minute ago. But can you go back to the issue of. We understand the board has sua sponte. Authority can reopen these. What are the circumstances. Under which it must. At least as it would relate to this case. It must reopen. And at least give it a fresh look. So if there's no statutory. Okay. Under the sua sponte. A sua sponte power. There is no requirement that it reopen a case. It's purely left to the discretion of the board. Eichmann's. That's the whole point of Eichmann. It's entirely left to the board. The only time in which there is any review. Is when that decision. Posits some underlying. Legal or constitutional analysis. That's inaccurate. And even then it goes back to the board. To make its determination. On whatever discretionary grounds it wants. Aren't there discretionary grounds here. Upon which the board can. Make its determination independent. Of the vacated conviction. Yes they are here. I mean the board. Well it gave two right. In the initial one. But here. You've got the juvenile adjudication. Right. And you've got the conviction for violating a probation. The probation order. Those are the two. As well as his unlawful re-entry. Right your honor. And so they could. But there's the difficulty with the juvenile adjudication. And that's that the board says. Indicates that there are multiple convictions for sodomy. Whereas. And I'm going to be agnostic as to whether or not. He has a conviction or an adjudication. Let's just call it a disposition. We don't know enough in the record. But we do know in so far as this record relates to anything. There's only one. And we don't know how the board would address this. And how it would resolve it. One. Without knowing one way or another. Whether it's an adjudication. A juvenile adjudication or a conviction. Pardon me for interrupting you. Concentrate on Bonilla. The exception to when we can review. Right. Discretionary denials. Right. Tell me. What statute or constitutional. Principle. Was violated. By the denial. Of discretionary review here. Right your honor. As to the pure discretionary. Okay. As to the pure discretionary determination. At the end of the decision. I'm not going to say that. That's probably protected. What are you referring to? The end of the decision? The end of the decision. Where they just throw out a. In so far as we're dealing with. This is a request for. Reopening. For the reasons we've given. Furthermore the respondent's motion. Does not demonstrate an exceptional situation. That would warrant the exercise of our discretionary authority. To reopen his proceedings. Right. That's the very last sentence. Right. Or is this. That second paragraph. We see no reason to exercise our discretionary authority. To respond to reopen. Whether the respondent remains. Statutorily ineligible for relief. Is it your position. That the board of immigration authority. Was wrong. In saying. That the respondent remains. Statutorily ineligible for relief. He is. If. It's an odd question. If his conviction. If they were to reopen. Because his conviction's been vacated. Right. Then he's statutorily ineligible for relief. Because he's not removable. He's an LAPR. But if they can't terminate. If that grounds. Is not a basis for reopening. Then there's no basis for him to seek relief anyway. What does the United States of America. Represented by you. Want us to do. To remand this back to the agency. That's what we're asking for. With any instructions? With the instruction. One to reconsider. Essentially this equitable tolling. Determination. And to determine. To reconsider it's equitable tolling. Determination. Yes. This court can consider it's equitable tolling. Determination. I wasn't aware that the Board of Immigration Appeals. Made an equitable tolling. Yes. That first section. From the second paragraph. I mean from the third paragraph. Of the first page of the decision. All the way to the. I guess through the first full paragraph. On that second page. Is an equitable tolling determination. So you've got that first set. Those first few couple of paragraphs. Which are an equitable tolling determination. And then you come down. You have the discussion of. Change country conditions. There are three paragraphs. That have to do with that. And the final paragraph. Is the final. We're not going to reopen this case. So is your position. That the discussion on Lozado. And the prejudice. That there's something wrong. With what the BIA said here? At the very least. I would say that. The Board's decision. Needs to be filled in. It would be useful. To have the Board fill in that decision a little more. With what? Fill it in with what? One. To address in the first instance. Whether or not. The. Whether or not you have. Ineffective assistance of counsel. On its face. Under Reyes. I think that's the first part. Two. What it would mean. For there to be ineffective assistance here. How far back does that ineffective assistance get you. For purposes of equitable tolling. And then to evaluate the prejudice. Because the prejudice prong. Does have this juvenile adjudication. They have not discussed. In any detail. What that juvenile adjudication is. If it's a. If it's a juvenile adjudication. Whether it's disposition of juvenile adjudication. Or alternatively. Whether it's a conviction. And also to sort of determine. How many of them there are. Because here they seem to indicate. That there's more than one of them. More than one conviction for sodomy. So having them go back. And to determine based on that. How it would evaluate that. Question of prejudice. At the back end. Thank you very much. Do you wish to use your time? All right. Thank you very much. The case of. Antonio Cisneros. Versus William Barr. Will be submitted.
judges: Bea, Collins, Bress